IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM SMITH; BRIAN SANDERS; and
PATRICK WALKER                                                                                     PLAINTIFF

v.                                         Case No. 5:12-CV-05027

PEPPER SOURCE, LTD.                                                                            DEFENDANT

## OPINION AND ORDER

Currently before the Court are Plaintiffs' Motion for Partial Summary Judgment (Doc. 18), Defendant's Motion for Summary Judgment (Doc. 29) and the parties' corresponding responses and replies. Both motions address the same issue—whether Plaintiffs are, or are not, exempt from the otherwise applicable provisions of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 213. For the reasons discussed below, Plaintiffs' Motion for Partial Summary Judgment (Doc. 18) is DENIED, and Defendant's Motion for Summary Judgment (Doc. 29) is GRANTED.

**I.   Background**

Many of the relevant facts in this case are undisputed. To the extent that Plaintiffs, in responding to Defendant's Motion or Statement of Undisputed Facts, have relied on speculation, denials or allegations, without a proper basis in fact or clear citation to facts already in the record, the Court will view such facts as essentially undisputed. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."). To the extent they are relevant, those facts not specifically controverted by Plaintiffs are deemed to have been admitted pursuant to Local Rule 56.1(c). Where Plaintiffs have provided some basis in fact or in the record, however, the Court has made all

inferences in their favor, as is appropriate when making a summary judgment determination. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983)).

Plaintiffs William Smith, Brian Sanders, and Patrick Walker were all employees of Defendant Pepper Source, LTD ("Pepper Source"). Although Plaintiffs admit they all performed exempt job duties for Pepper Source, they argue that they are not exempt employees for FLSA purposes because they were not truly "salaried" and instead were paid on an hourly basis. Pepper Source argues that, notwithstanding a few isolated improper deductions, it properly paid Plaintiffs as salaried employees and Plaintiffs are, therefore, exempt employees under the FLSA. Both sides argue that they are entitled to summary judgment on the exemption issue.

## II.     Standard of Review

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada*, 135 F.3d at 1212-13. In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.    Discussion

It is undisputed that Plaintiffs performed exempt job duties at Pepper Source and were paid straight-time extra compensation for production work performed on weekends outside of their normal work week. Plaintiffs assert that, although they were classified by Pepper Source as salaried employees, they were actually paid as hourly employees and are therefore not exempted under the FLSA. Plaintiffs further assert that, as they were actually paid as hourly employees, they were underpaid for overtime work. As evidence that Plaintiffs were paid as hourly employees, Plaintiffs point to the formatting of their timesheets and the fact that they were not paid a uniform amount every week.

As to the formatting of Pepper Source's timesheets, the fact that an employer might calculate a salaried employee's weekly salary using a 40-hour-per-week multiplier is not conclusive evidence that an employee is, in reality, paid by the hour. Rather, a review of the timesheets provided in this case indicates that Pepper Source simply recorded payment of Plaintiffs' salaries by using a 40-hour multiplier. The "hourly wage" on the timesheets is the quotient of Plaintiffs' predetermined yearly salaries divided by 52 (weeks per year) divided by 40 hours of work per week.[1] Pepper Source's Vice President of Finance, Mark Fischer, stated that Pepper Source's payroll system worked by inputting an hourly rate multiplied by a number of hours for all payments. (Doc. 21-1, p. 3). This is separately evidenced by the fact that even quarterly production bonuses, set at $375, were paid by

---

[1] The applicable regulations actually allow an exempt employee's earnings to be computed on an hourly basis without losing the exemption if the employee arrangement also includes guaranteed minimum weekly pay on a salaried basis regardless of the number of hours worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned. 29 C.F.R. § 541.604(b). The parties have not extensively briefed this "reasonable relationship" allowance. However, the fact that the regulations specifically allow for a salaried employee's earnings to be calculated on an hourly basis lends further support to the Court's finding that the formatting of a timesheet, or an employer's method of calculating a salary, cannot be determinative of whether an employee is exempt.

inputting an "hourly rate" multiplied by a number of hours. *See, e.g.*, Doc. 19-2, p.3.[2] Without corroborating evidence that Plaintiffs' salary was subject to reduction for variations in the quality or quantity of work performed, the Court cannot find that the formatting of the Pepper Source's timesheets or the input requirements of the payroll system can be determinative of an FLSA claim or exemption.

Plaintiffs also point to the fact that their pay varied from week to week, arguing that this variance shows that their pay actually depended on the number of hours they worked. It is undisputed that Plaintiffs were paid more when they worked additional production hours on the weekend. Pursuant to applicable regulations:

> An employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all *or part* of the employee's compensation, which amount is not subject to *reduction* because of variations in the quality or quantity of the work performed.

29 C.F.R. § 541.602(a) (emphasis added). Pepper Source is, therefore, not precluded from paying a salaried employee compensation over and above his predetermined weekly salary. Rather, the weekly salary should be considered a guaranteed minimum payment constituting all or part of the employee's overall compensation. An FLSA exemption for a salaried employee is not lost if the exempt employee, who is guaranteed a predetermined weekly pay of at least $455, also receives compensation based on hours worked beyond the normal workweek, including compensation on a straight-time hourly basis. 29 C.F.R. § 541.604(a). Pepper Source does not lose its FLSA exemption for salaried employees simply because it chooses to pay those employees extra, straight-

---

[2] This exhibit shows two checks issued by Pepper Source. One was issued for the employee's regular salary (40 hours times a rate of 13.70). The other was issued for a production bonus, listed as 27.37 "hours" times the employee's standard "hourly rate" of $13.70, for a total of $374.97.

time compensation for production work on the weekends.

Plaintiffs also point to certain weeks during which they got paid less than their predetermined weekly salaries. Subject to certain enumerated exceptions, "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.602(a). "An employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis. An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a). The regulation regarding improper deductions "shall not be construed in an unduly technical manner so as to defeat the exemption." 29 C.F.R. § 541.603(e).

Plaintiffs argue that Pepper Source made numerous improper deductions to Plaintiffs' weekly salaries sufficient to demonstrate an actual practice of improper deductions. In its response to Pepper Source's Motion, Plaintiffs point to only two alleged improper deductions for Sanders during the course of his employment, six improper deductions for Smith over the course of his employment, and one for Walker over the course of his employment.[3] Out of the nine alleged improper

---

[3] Plaintiffs had previously alleged different improper deductions, many of which they have now admitted were not improper and/or were actually production bonus payments. Plaintiffs state that they mistakenly alleged improper deductions in their Motion and Reply in support based on the fact that those references were made prior to Plaintiffs' depositions. The Court notes, however, that Plaintiffs are the ones bringing this suit, which is in part based on their allegations that improper deductions were made by Pepper Source. Pepper Source pointed out in its Response to Plaintiffs' Motion that certain claimed "deductions" were either proper under the FLSA or not deductions at all. Plaintiffs, in their Reply, persisted in claiming seven improper deductions, four of which were later conceded to be proper payments in line with Pepper Source's explanations. Plaintiffs—and by extension Plaintiffs' counsel—should have known at the time their Reply was filed whether there was a good-faith basis to allege those improper deductions, notwithstanding the fact that Pepper Source had not yet deposed Plaintiffs.

deductions, only one was alleged to have occurred during the relevant statute of limitations period.[4] Of the remaining eight alleged improper deductions, two occurred in 2005, five in 2007, and one in 2008. It is far from clear that deductions made by an employer outside the statute of limitations period may be considered for the purpose of establishing that the employer had a practice of making improper deductions. Because the Court finds that, even considering the deductions made by Pepper Source outside the statute of limitations period, Plaintiffs cannot establish a practice, the Court will assume for the sake of argument that all the alleged improper deductions may be considered in this case.

Of the nine alleged improper deductions, Pepper Source concedes that six were improper as being made under the mistaken belief that if a supervisor was in his probationary period, he was not eligible for holiday pay. Pepper Source states that no such improper deductions were made during the three years preceding this lawsuit, and although Plaintiffs deny that assertion, they do not come forward with any facts or citation to the record that would appear to contravene that assertion. Pepper Source further contends that it is entitled to the benefit of a window of correction and has stated that it intends to reimburse Plaintiffs for any improper deductions that were mistakenly made.[5] Although Plaintiffs deny Pepper Source's assertion that Plaintiff's never complained about improper deductions, this denial appears to be based on Plaintiffs' assertion that they were simply confused

---

[4] The statute of limitations for FLSA claims is generally two years and three years for a willful violation. 29 U.S.C. § 255(a). While the Court does not believe that Plaintiffs have alleged or established a willful violation of the statute, the Court assumes for argument's sake that the three-year statute of limitations applies to this case.

[5] "Improper deductions that are either isolated or inadvertent will not result in loss of the exemption for any employees subject to such improper deductions, if the employer reimburses the employees for such improper deductions." 29 C.F.R. § 541.603(c).

6

as to whether they were salaried or not for purposes of the FLSA. It does not appear to be genuinely in dispute that Plaintiffs did not, prior to the instigation of this litigation, complain to Pepper Source about any improper deductions. Pepper Source should be allowed the opportunity to reimburse Plaintiffs for deductions that were inadvertently or improperly made without losing its FLSA exemption as to Plaintiffs.

Pepper Source claims that the remaining three deductions were properly made for disciplinary suspensions[6] (two of Smith's deductions) and for a full day's absence to attend a funeral[7] (one of Walker's deductions). Plaintiffs dispute the propriety of those deductions.

Plaintiffs do not raise any genuine dispute as to the fact that Smith and Sanders were both paid their predetermined salary even during weeks when they worked less than 40 hours. Plaintiffs also signed a "Classification of Salaried Employees" statement recognizing that they were classified as "exempt salaried" employees upon starting their supervisory positions. *See* Doc. 21-1.

The Court finds that there is no genuine dispute of material fact regarding whether Plaintiffs were exempt employees under the FLSA. Specifically, the Court finds that Pepper Source has established that Plaintiffs were exempt as supervisory, salaried employees. The fact that the timesheets used by Pepper Source show that Plaintiffs' salaries were calculated using an "hourly

---

[6] "Deductions from pay of exempt employees may be made for penalties imposed in good faith for infractions of safety rules of major significance. Safety rules of major significance include those relating to the prevention of serious danger in the workplace or to other employees . . ." 29 C.F.R. § 541.602(b)(4). Deductions may also be made for "unpaid disciplinary suspensions of one or more full days imposed in good faith for infractions of workplace conduct rules" if the suspensions are imposed "pursuant to a written policy applicable to all employees." 29 C.F.R. § 541.602(b)(5).

[7] "Deductions from pay may be made when an exempt employee is absent from work for one or more full days for personal reasons, other than sickness or disability." 29 C.F.R. § 541.602(b)(1).

rate" and 40-hour work week as a multiplier does not conclusively establish that Plaintiffs were, in fact, paid on an hourly basis. Rather, it appears that—aside from the 9 instances of improper deductions alleged by Plaintiffs—Plaintiffs were paid their predetermined weekly salaries, or more, during the course of their employment as supervisory employees at Pepper Source, in line with FLSA requirements.

Even assuming that all nine deductions alleged by Plaintiffs were improper,[8] the Court finds that Plaintiffs have not sufficiently raised a genuine dispute of material fact to defeat Pepper Source's entitlement to summary judgment. There is no bright-line rule for how many improper deductions must be established before a court may find that an employer had an actual practice of making deductions sufficient to defeat an employer's assertion or classification of an employee as "salaried." Rather, such an analysis should be made on a case-by-case basis. Considering the facts of this case, the Court finds that nine deductions for three employees over the course of their employment as supervisors with Pepper Source cannot establish a pattern or practice to show that Plaintiffs were, in fact, treated as hourly employees. Nine deductions for three employees is an average of three deductions per employee over a term of years. Plaintiffs have not produced evidence of, nor do they argue that, any other Pepper Source employees had their salaries improperly reduced. Furthermore, Pepper Source acknowledges that six of the nine deductions were made improperly during the "probationary period" of Smith's and Sander's employment, and that no improper deductions were made thereafter. Except for the three disputed deductions, Plaintiffs do not even claim that any improper deductions were made outside of any Plaintiff's "probationary period." Deductions made

---

[8] While the Court does not believe that Plaintiffs have established that the three disputed deductions were actually improper, the Court will assume for the sake of argument that Plaintiffs have sufficiently raised a dispute of fact as to those three deductions.

during a very limited period of time in Plaintiffs' employment and pursuant to the same mistaken belief as to the propriety of such deductions cannot logically establish a broader practice by Pepper Source of paying Plaintiffs as hourly employees.

Furthermore, even if Plaintiffs were able to establish an actual practice by Pepper Source of making improper deductions, they have not shown, by any evidence, that such a practice continued into a time period during which Plaintiffs' claims would not be barred by the applicable statute of limitations. Plaintiffs allege only one improper deduction during the three years preceding the filing of this lawsuit. A practice—even an allegedly continuing one—cannot be established on the basis of one improper deduction, especially given Pepper Source's uncontroverted claim that the company has continuously revised their policies regarding allowing deductions for salaried employees in an attempt to comply with the FLSA.

The Court cannot otherwise find that the facts of this case demonstrate that Pepper Source did not intend to pay employees on a salaried basis. To the contrary, the Court finds that the facts establish that Pepper Source intended to, and did, pay Plaintiffs on a salaried basis during the relevant time periods.

**IV.    Conclusion**

For all the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Doc. 18) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. 29) is GRANTED, Plaintiffs' claims are dismissed with prejudice, and judgment will be entered in favor of Defendant.

IT IS SO ORDERED this 22nd day of May, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE